### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SOUTHERN ILLINOIS RAILCAR CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-cv-0521-MJR |
| ) | |
| **NASHVILLE & EASTERN RY CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

REAGAN, District Judge:

At the heart of this lawsuit lies a railcar lease agreement entered into between Southern Illinois Railcar Company ("SIRC) and Nashville & Eastern Railway Corp. ("NERC"), which obligated NERC to pay SIRC on a monthly basis for the use of certain SIRC railcars. SIRC filed suit in Illinois state court. SIRC's two-count amended complaint, filed in June 2005, alleged: (1) NERC breached the lease agreement between the parties and caused SIRC to be damaged in an amount over $294,000.00; and (2) NERC was unjustly enriched (i.e., by using SIRC's railcars without honoring reciprocal obligations under the lease agreement, NERC had received a benefit, "the retention of which would be unjust" (Doc. 2, p. 2)).

NERC removed the case to this Court in July 2005, invoking federal subject matter jurisdiction under the diversity statute, **28 U.S.C. § 1332**. The Court found subject matter jurisdiction to lie and tracked the case on July 29, 2005.

On October 7, 2005, NERC moved to dismiss SIRC's amended complaint, asserting that both counts of the complaint – as pled – fail to state a claim upon which relief can be granted. More specifically, NERC contends that theory of unjust enrichment (pled in Count II) is not

available to SIRC, because SIRC has alleged the existence of a contractual relationship between the parties. NERC further maintains that attorneys' fees and costs (sought in Counts I and II) are not recoverable unless provided for by statute or contract, and SIRC has alleged no statutory or contractual provision supporting an award of such fees here, thus both counts should be dismissed.

The Court's analysis begins with the legal standard governing a motion to dismiss based on failure to state a claim – i.e., a motion filed under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. When reviewing a complaint in the context of a 12(b)(6) dismissal motion, this Court must accept as true all well-pled factual allegations and resolve in the plaintiff's favor all reasonable inferences. ***Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001),** *citing **Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).**

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001),** *citing **Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).** In other words, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. ***Alper* at 684,** *quoting **Veazey*, 194 F.3d at 854.**

SIRC's amended complaint passes muster under this standard. For instance, the amended complaint incorporated by reference the lease agreement (contract) between the parties, and that contract references SIRC's right to recover attorneys' fees and costs. Moreover, a party can plead alternative legal theories in separate claims or counts.

The United States Court of Appeals for the Seventh Circuit has explained that, when

assessing a motion to dismiss, a court must be careful to not require more than the Federal Rules mandate:

> Altheimer does not have to prove its factual and legal allegations at this stage, it must only show that relief is possible. See Conley v. Gibson, 355 U.S. 41, 45-46 ... (1957); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). Further, it is entitled to plead in the alternative, even if the pleadings are inconsistent. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1283 (2d ed.1990, Supp.2001).

*Alper,* **257 F.3d at 687 (7th Cir. 2001)(reversing grant of Rule 12(b)(6) dismissal motion).**

Because the allegations of the complaint suffice under the liberal standard governing federal notice pleading, the Court **DENIES** NERC's October 7, 2005 dismissal motion (Doc. 15). However, amendment of the complaint would be helpful, and SIRC now has moved for leave to amend the complaint.

Accordingly, the Court **GRANTS** SIRC's motion to amend (Doc. 23) and **DIRECTS** SIRC to file a second amended complaint separately numbering and labeling the counts and using Arabic numbers rather than Roman Numerals to distinguish them (Count 2 rather than Count II). SIRC shall file the second amended complaint by November 16, 2005.

**IT IS SO ORDERED.**

**DATED this 8th day of November, 2005.**

           s/ Michael J. Reagan
           **MICHAEL J. REAGAN**
           **United States District Judge**