IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SOUTHERN ILLINOIS RAILCAR CO.,** ) | |
| ) | |
| **Plaintiff/Counterdefendant,** ) | |
| ) | |
| vs. ) | Case No. 05-cv-0521-MJR |
| ) | |
| **NASHVILLE & EASTERN RY CORP.,** ) | |
| ) | |
| **Defendant/Counterclaimant.** ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    **A.**    **Introduction**

Nashville & Eastern Railway Corp. ("NERC") removed the above-captioned case to this United States District Court, where subject matter jurisdiction lies under the federal diversity statute (28 U.S.C. § 1332). Southern Illinois Railcar Company ("SIRC"), who initiated the action in Illinois state court, claims that NERC breached a railcar lease agreement between the two parties and was unjustly enriched thereby. In November 2005, the undersigned Judge denied NERC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) but granted SIRC's request for leave to file a second amended complaint (*see* Doc. 26).

SIRC filed the second amended complaint a week later. NERC responded with an answer and counterclaim on December 15, 2005. NERC's four-count counterclaim (part of Doc. 28) alleges (1) SIRC breached the lease agreement by failing to provide NERC with railcars in satisfactory condition and failing to repair the railcars as required, (2) SIRC knowingly made false representations regarding the condition of the railcars, which NERC relied on to its detriment, (3) SIRC carelessly or negligently made representations regarding the condition of the railcars, without ascertaining the truth of those statements (statements which were relied on by NERC), and

(4) SIRC's concealment of facts regarding the condition of the railcars violated the Illinois Consumer Fraud and Deceptive Business Practices Act, **815 ILCS 505/1,** *et seq.*

On January 18, 2006, SIRC moved to dismiss the counterclaim. The motion became ripe for disposition on March 30, 2006, after briefs were filed opposing and supporting dismissal of the counterclaim (*see* Docs. 31, 37, 39). For the reasons stated below, the Court now DENIES the dismissal motion.

### B.     Analysis

SIRC contends that NERC's counterclaim merits dismissal under Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim, and 12(b)(1), for lack of jurisdiction.

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001)**. The district court makes that determination taking as true all well-pled factual allegations and resolving in plaintiff's favor all reasonable inferences. ***Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001),** *citing* ***Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).** So, if it is possible to hypothesize a set of facts, consistent with the complaint (or, here, the counterclaim), that would entitle the plaintiff (counterclaimant) to relief, dismissal under Rule 12(b)(6) is inappropriate. ***Alper* at 684.**

Similarly, in considering a motion to dismiss under Rule 12(b)(1), this Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's (here, the counterclaimant's) favor. ***Alicea-Hernandez v. Catholic Bishop of Chicago,* 320 F.3d 698, 701 (7th Cir. 2001),** *citing* ***Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).**[1]

But, *unlike* on a Rule 12(b)(6) dismissal motion (where the Court cannot look beyond

---

[1] *See also* ***Patel v. City of Chicago,* 383 F.3d 569, 572 (7th Cir. 2004).**

the pleadings), the Court may look beyond the jurisdictional allegations of the complaint/counterclaim and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Id.*

In moving to dismiss NERC's counterclaim for failure to state a claim, SIRC asserts that the doctrine of res judicata bars NERC's counterclaim. SIRC filed a Chapter 11 bankruptcy petition in February 2002. In November 2003, Judge Kenneth J. Meyers of the United States Bankruptcy Court for this District confirmed an amended reorganization plan for SIRC. In the case at bar, SIRC insists that Judge Meyers' Confirmation Order (Exh. L to memorandum supporting dismissal motion, Doc. 31-31) resolved the rights and responsibilities between the parties and bars NERC's counterclaim (as well as any other claim that NERC might have had against SIRC which originated prior to the November 2003 entry of the Confirmation Order). Stated simply, SIRC asserts that the Confirmation Order – which binds all of SIRC's pre-bankruptcy creditors – precludes NERC's counterclaim.

NERC responds that (1) its counterclaim was *not* subject to discharge in the bankruptcy proceeding, (2) NERC was *not* required to file a claim in the bankruptcy proceeding in order to pursue a counterclaim against SIRC now, and (3) the doctrine of res judicata does not even *apply*, because the Bankruptcy Court did not adjudge the issues of default and cure. *See* Doc. 37.[2]

As to SIRC's argument seeking dismissal for failure to state a claim, the Court finds that the question of res judicata is better decided via summary judgment motion than via Rule 12(b)(6) motion.

---

[2] SIRC replies (Doc. 39) that (1) SIRC's confirmed reorganization plan specifically provided that NERC was not entitled to any cure, and (2) NERC had adequate notice of the plan and neither objected to its terms nor appealed its confirmation. Therefore, SIRC argues, confirmation of the plan had a res judicata effect on NERC's counterclaim.

Arguing for and against dismissal of NERC's counterclaim, the parties submitted hundreds upon hundreds of pages of material (much of which originated in the bankruptcy proceedings). This Court cannot properly consider all of that documentation on a Rule 12(b)(6) motion.

Assuming, arguendo, that this material could properly be assessed under Rule 12(b)(6), after accepting all well-pled factual allegations in the counterclaim as true and drawing all reasonable inferences in the counterclaimant's favor, this Court would be hard-pressed to dismiss NERC's counterclaim at this point.

Nor is the Court persuaded by SIRC's argument for dismissal of the counterclaim for lack of subject matter jurisdiction. The law of this Circuit holds that a counterclaim – if part of the same case or controversy as the underlying claim – may be brought under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), without a separate/independent basis for jurisdiction. *See Leipzig v. AIG Life Ins. Co.,* **362 F.3d 406, 410 (7th Cir. 2004).**

Clearly, NERC's counterclaim (alleging breach of contract, fraudulent misrepresentation, negligent misrepresentation, and violations of the Illinois consumer fraud statute) is part of the same case or controversy as SIRC's second amended complaint (containing claims for breach of contract and unjust enrichment).

SIRC's argument that this Court lacks jurisdiction to adjudicate the counterclaim simply misses the mark. It is true that the United States Bankruptcy Court for the Southern District of Illinois has jurisdiction over proceedings arising under Title 11 as well as proceedings "related to" cases under Title 11. **28 U.S.C. § 157.** Moreover, the Local Rules of this District state: "It is the intention of this court that the Bankruptcy Judges be given the broadest possible authority to administer cases properly within their jurisdiction...." **S.D. ILL. LOCAL RULE Br1001.1.**

Those provisions, however, do not strip this District Court of jurisdiction over the counterclaim at issue. In other words, this Court may have the discretion to refer the counterclaim to the Bankruptcy Court for adjudication (as "related to" a bankruptcy proceeding) or under the terms of Judge Meyers' Confirmation Order, but that does not mean this Court *lacks* subject matter jurisdiction over the counterclaim. *See* **28 U.S.C. § 1334(b)("the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11").**[3]

### C.    Conclusion

For all these reasons, the Court **DENIES** SIRC's motion (Doc. 30) to dismiss NERC's counterclaim (Doc. 28) for failure to state a claim and lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED this 18th day of April, 2006.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**

---

[3]   SIRC asserts that the Confirmation Order entered by Judge Meyers provided that the Bankruptcy Court would retain jurisdiction for actions related to the recovery of SIRC's assets (Doc. 30, ¶ 4). But SIRC cites portions of the Debtors' Plan of Reorganization, *not* Judge Meyers' Confirmation Order. *See* Doc. 30 at p. 2 (citing third amended plan of reorganization, Article XXVI) and Doc. 31 at p. 7 (citing final plan of reorganization, ¶ 26.1). As explained above, whatever their source, these provisions would not divest this Court of jurisdiction over the counterclaim. Plus SIRC has not shown how judicial economy would be served by referring the counterclaim to the Bankruptcy Court while retaining/adjudicating the closely-related claims contained in SIRC's second amended complaint.